IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VICTORIA INSURANCE COMPANY | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| LI HE REN AND MEI QUNG REN d/b/a | : | |
| HUA DA REMODELING, INC. and 928 | : | |
| RACE STREET DEVELOPMENT, L.P. | : | NO. 08-517 |

## ORDER-MEMORANDUM

**AND NOW**, this 9th day of June, 2008, upon consideration of Plaintiff's Motion to Dismiss Count III of Defendant 928 Race Street Development, L.P.'s Counterclaim, or Alternatively to Bifurcate and Stay Discovery (Docket No. 29), and Plaintiff's Motion to Dismiss Count III of Defendant Li He Ren and Mei Qung Ren d/b/a Hua Da Remodeling, Inc.'s Counterclaim, or Alternatively to Bifurcate and Stay Discovery (Docket No. 31), and Defendants' Responses thereto, **IT IS HEREBY ORDERED** that:

1. The Motions are **GRANTED**.

2. Count III of Defendant Race Street Development, L.P.'s Counterclaim is **DISMISSED**.

3. Count III of Defendant Li He Ren and Mei Qung Ren d/b/a Hua Da Remodeling, Inc.'s Counterclaim is **DISMISSED**.

In this declaratory judgment action, Plaintiff Victoria Insurance Company ("Victoria") seeks a declaration that it has no duty to defend or indemnify Li He Ren and Mei Qung Ren d/b/a Hua Da Remodeling ("Hua Da"), and 928 Race Street Development, L.P. ("928 Race Street") in a tort action filed against them in the Court of Common Pleas of Philadelphia County (the "State Court Action"). Hua Da and 928 Race Street have asserted bad faith counterclaims against Victoria, alleging that

Victoria acted in bad faith by filing the declaratory judgment action and raising baseless coverage defenses. Victoria has moved to dismiss those bad faith counterclaims pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that Defendants have failed to state claims upon which relief may be granted. In the alternative, it asks that we bifurcate the bad faith counterclaims from the coverage dispute pursuant to Federal Rule of Civil Procedure 42(b), and stay any discovery on the bad faith counterclaims pending resolution of the declaratory judgment claims.

When determining a Motion to Dismiss pursuant to Rule 12(b)(6), the court looks primarily at the facts alleged in the complaint and its attachments, Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir.1994), and views all well pled allegations in the light most favorable to the plaintiff. Angelastro v. Prudential-Bache Securities, Inc., 764 F.2d 939, 944 (3d Cir.1985). The plaintiff must allege enough facts to "raise a right to relief above the speculative level," Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007), and to "state a claim to relief that is plausible on its face." Id. at 1974. It is not enough for a plaintiff to allege mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1965.

In this case, Defendants' Counterclaims allege that the underlying State Court Action was instituted by James Wall, an ironworker, who was injured on a construction site when he fell through a roof opening. The general contractor at the site was Hua Da, and 928 Race Street was the site's owner. Wall was not an employee of either Hua Da or 928 Race Street, but rather, he was an employee of Joseph Lee and Sons, an independent contractor retained by Hua Da.

At the time of the accident, Hua Da had an insurance policy with Victoria, and 928 Race Street was identified in the policy as an additional insured. As a result, Victoria retained counsel to defend Hua Da and 928 Race Street in the State Court Action, but it also instituted the instant

declaratory judgment action, asserting that it has no duty to defend or indemnify Hua Da and 928 Race Street.  Victoria relies, in part, on an endorsement in the policy that excludes coverage for:

> 'bodily injury' to an 'employee', independent contractor, leased worker or volunteer of the insured arising out of and in the course of employment by or service to the insured for which the insured may be held liable as an employer or in any other capacity.

(Compl. ¶ 16.)  Victoria also asserts that there is no policy coverage for 928 Race Street pursuant to an endorsement that provides coverage to additional insureds:

> . . . but only with respect to liability . . . caused, in whole or in part, by [Hua Da's] acts or omissions or the acts or omissions of those acting on [Hua Da's] behalf . . . in the performance of [Hua Da's] ongoing operations . . . .

(Compl. ¶ 15.)

Hua Da and 928 Race Street filed Answers to Victoria's declaratory judgment Complaint, and each asserted three counterclaims, two for declaratory judgments (Counts I and II), and one for bad faith pursuant 42 Pa. Cons. Stat. Ann. § 8371 (Count III).[1]  The bad faith counterclaims assert that Victoria acted in bad faith "by Filing a Complaint in this litigation and raising coverage defenses which are inaccurate and without basis on their very face." (928 Race Street's Counterclaims, ¶ 40; Hua Da's Counterclaims, ¶ 40.)

As stated above, Victoria has filed Motions to Dismiss, arguing that Defendants' bad faith counterclaims fail under the 12(b)(6) standard because Defendants' sole complaint is that Victoria

---

[1] While Defendants' bad faith counterclaims allege that "Victoria has acted in violation of its duty in good faith and fair dealing, its specific contractual obligations, and 42 Pa.C.S. § 8371," Defendants' briefs in opposition to Victoria's Motions to Dismiss address these claims as simply statutory bad faith claims under 42 Pa. Cons. Stat. Ann. § 8371.  Accordingly, we will do the same.

is asserting coverage defenses in a declaratory judgment action,[2] and the law is clear that the litigation of legitimate issues of coverage does not constitute bad faith. As a general matter, in order to recover for a claim of bad faith under 42 Pa. Cons. Stat. § 8371, a plaintiff must establish that "the insurer: (1) did not have a reasonable basis for denying benefits under the policy; and (2) knew or recklessly disregarded its lack of a reasonable basis in denying the claim." J.C. Penney Life Ins. Co v. Pilosi, 393 F.3d 356, 367 (3d Cir. 2004) (citing W.V. Realty, Inc., v. Northern Ins. Co., 334 F.3d 306, 311 (3d Cir. 2003)). Moreover, "[m]ere negligence or bad judgment is not bad faith." Klinger v. State Farm Mut. Auto Ins. Co., 115 F.3d 230, 233 (3d Cir. 1997) (quoting Terletsky v. Prudential Property & Cas. Ins. Co., 649 A.2d 680, 688 (Pa. Super. Ct. 1994)).

Given that premise, i.e., that mere bad judgment is not bad faith, "an insurer does not act in bad faith by investigating and litigating legitimate issues of coverage." Hyde Athletic Indus., Inc. v. Continental Casualty Co., 969 F. Supp. 289, 307 (E.D. Pa. 1997) (cited in J.C. Penney Life Ins. Co., 393 F.3d at 368). This is true even when the insurer takes a coverage position that is ultimately found to be meritless. See Bostick v. ITT Hartford Group, Inc., 56 F. Supp. 2d 580, 587 (E.D. Pa. 1999) ("Bad faith cannot be found where the insurer's conduct is in accordance with a reasonable [albeit] incorrect interpretation of the insurance policy and the law."); Aetna Cas. & Sur. Co. v. Ericksen, 903 F. Supp. 836, 841 (M.D. Pa. 1995) (finding "no bad faith in refusing to defend and

---

[2]Defendants argue in their responsive brief that Victoria also acted in bad faith by (1) failing to serve Hua Da with a reservation of rights letter before assuming Hua Da's defense in the State Court Action, and (2) using the filing of the declaratory judgment action as leverage to settle the claims in the State Court Action for less than the policy limits. These allegations, however, appear nowhere in their Counterclaim. Accordingly, they are not well pled allegations that we consider in assessing the sufficiency of Defendants' bad faith counterclaims. See Associated Gen. Contractors of Cal., Inc. v. Carpenters, 459 U.S. 519, 526 (1983) (stating that in the 12(b)(6) context, "[i]t is not proper to assume that [the plaintiff] can prove facts that it has not alleged . . . .").

indemnify based on a reasonable interpretation of the language of the policy," even though insurer's interpretation is ultimately determined to be wrong); Employers Mut. Cas. Co. v. Loos, 476 F. Supp. 2d 478, 496 (2007) ("[T]he presence or absence of bad faith does not turn on the legal correctness of the basis for an insurer's denial of an insured's claim.") (citation omitted). As long as the insurer's positions are reasonable, they cannot support a claim of bad faith. J.C. Penney Life Ins. Co., 393 F.3d at 367 ("A reasonable basis is all that is required to defeat a claim of bad faith."). This is at least in part because an insurer is not required to accept liability in all cases, as "it is not 'bound to submerge its own interest in order that the insured's interests may be made paramount.'" Hyde Athletic Indus., 969 F. Supp. at 307 (quoting Cowden v. Aetna Cas. & Sur. Co., 134 A.2d 223, 228 (Pa. 1957)); Toll Naval Assocs. v. Lexington Ins. Co., Civ. A. No. 03-6537, 2005 WL 1923836, *5 (E.D. Pa. Aug. 10, 2005) (stating that where "liability . . . is not clear, defendants' failure to interpret the policies as plaintiff has interpreted them, or to voluntarily accept liability . . . does not amount to . . . bad faith"). Given that an insurer does not act in bad faith by asserting legitimate and reasonable coverage defenses, it is also plain that an insurer does not act in bad faith merely by initiating a declaratory judgment action. See Rite Aid Corp. v. Liberty Mut. Fire Ins. Co., 414 F. Supp. 2d 508, 522 (M.D. Pa. 2005) ("Defendant's initiation of the declaratory action . . . does not, by itself, indicate bad faith."); Little Souls Inc. v. State Auto Mut. Ins. Co., Civ. A. No. 03-5722, 2004 WL 503538, *3 (E.D. Pa. Mar. 15, 2004) ("[T]he filing of a declaratory judgment alone cannot sustain an action for bad faith . . . .").

Significantly, Defendants do not dispute the underlying legal premise of Victoria's 12(b)(6) argument that an insurer's litigation of legitimate coverage issues does not constitute bad faith. Instead, they argue that the primary coverage defense that Victoria raises is not legitimate, but rather,

is inaccurate and without support in the policy itself. Specifically, they argue that Victoria's reliance on the coverage exclusion for claims involving injury to an independent contractor is unreasonable, because Wall is the employee of an independent contractor, not an independent contractor himself.

Without deciding whether the independent contractor exclusion precludes coverage here, we nevertheless find that Victoria's reliance on that exclusion is not unreasonable, because it is at least arguable that the exclusion covers claims involving injuries to an independent contractor's employees. Indeed, neither party has cited us to a case that decides the precise legal question before us. See Loos, 476 F. Supp. 2d at 496 ("Pennsylvania law does not recognize bad faith where an insurer makes 'a reasonable legal conclusion based on an area of the law that is uncertain or in flux.'")(quoting Brown v. Progressive Ins. Co., 860 A.2d 493, 501 (Pa. Super. Ct. 2004)). Moreover, Victoria has proceeded as we expect a responsible insurer to proceed when it has a legitimate coverage question; it has assumed the defense of Hua Da and 928 Race Street in the State Court action and filed a declaratory judgment action in this Court. We therefore find, as a matter of law, that Defendants have failed to state a bad faith claim upon which relief may be granted as the only conduct that they allege as being in bad faith, i.e. the initiation of this declaratory judgment action and the assertion of a meritless coverage defense, is nothing more than the litigation of legitimate coverage issues.

For the foregoing reasons, we grant Victoria's Motions to Dismiss Defendants' bad faith counterclaims. As a result, we do not reach Victoria's alternative request for bifurcation and a stay of bad faith discovery.

                                          BY THE COURT:

                                          /s/ John R. Padova, J.
                                          John R. Padova, J.