

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VICTORIA INSURANCE COMPANY | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| LI HE REN AND MEI QUNG REN d/b/a | : | |
| HUA DA REMODELING, INC. and 928 | : | |
| RACE STREET DEVELOPMENT, L.P. | : | NO. 08-517 |

### ORDER-MEMORANDUM

**AND NOW**, this 10th day of November, 2008, upon consideration of Plaintiff's Motion for Summary Judgment (Docket No. 53), and Defendants' Cross-Motion for Summary Judgment (Docket No. 55), **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion is **GRANTED**.

2. Defendants' Motion is **DENIED**.

On February 1, 2008, Plaintiff Victoria Insurance Company ("Victoria") instituted this declaratory judgment action against its insureds, Defendants Li He Ren and Mei Qung Ren d/b/a Hua Da Remodeling ("Hua Da"), and Defendant 928 Race Street Development, L.P. ("928 Race Street"), seeking a declaration that it had no duty to defend or indemnify Hua Da or 928 Race Street in a tort action filed against them in the Court of Common Pleas of Philadelphia County (the "State Court Action"). The State Court Action had been filed by James Wall, an ironworker who had been injured on a construction site that was owned by 928 Race Street, and for which Hua Da was the general contractor. Wall was the employee of an independent contractor working on the site.

During the pendency of the instant declaratory judgment action, Victoria provided a defense to Defendants in the State Court Action and, ultimately, Victoria settled the State Court Action within the policy limits and indemnified Defendants. In connection with the settlement in the State

Court Action, Victoria also agreed to dismiss its Complaint for Declaratory Judgment. Defendants, however, have elected to pursue a counterclaim for attorney fees in this action, asserting that they are entitled to such fees pursuant to 27 U.S.C. § 1927. The parties have therefore filed cross-motions for summary judgment on that claim for attorneys' fees.[1]

28 U.S.C. § 1927 provides that:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

The statute therefore "requires a court to find an attorney has (1) multiplied proceedings; (2) in an unreasonable and vexatious manner; (3) thereby increasing the cost of the proceedings; and (4) doing so in bad faith or by intentional misconduct." In re Schaefer Salt Recovery Inc., 542 F.3d 90, 101 (3d Cir. 2008) (quoting In re Prudential Ins. Co. America Sales Practice Litig., 278 F.3d 175, 188 (3d Cir. 2002)). The United States Court of Appeals for the Third Circuit has clarified that "[s]anctions may not be imposed under § 1927 absent a finding that counsel's conduct resulted from bad faith, rather than misunderstanding, bad judgment or well-intentioned zeal." LaSalle Nat'l Bank v. First Connecticut Holding Group, L.L.C., 287 F.3d 279, 289 (3d Cir. 2002) (citations omitted). It has further stated that "'[c]ourts should exercise [this sanctioning power] only in instances of a serious and studied disregard for the orderly process of justice.'" Id. at 288-89 (quoting Ford v.

---

[1] Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is "genuine" if the evidence is such that a reasonable factfinder could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A factual dispute is "material" if it might affect the outcome of the case under governing law. Id.

Temple Hosp., 790 F.2d 342, 347 (3d Cir. 1986)). In other words, the conduct giving rise to sanctions "'must be of an egregious nature, stamped by bad faith that is violative of recognized standards in the conduct of litigation.'" Id. at 289 (quoting Baker Indus. Inc. v. Cerberus, Ltd., 764 F.2d 204, 208 (3d Cir. 1985)). This is to ensure that the statute's application does not "'stifle the enthusiasm or chill the creativity that is the very lifeblood of the law.'" Id. (quoting Mone v. Comm'r of Internal Revenue, 774 F.2d 570, 574 (2d Cir. 1985)). The decision whether to grant or deny attorneys' fees under § 1927 is within the district court's discretion. See In re Orthopedic Bone Screw Prods., 193 F.3d 781, 795 (3d Cir. 1999); LaSalle Nat'l Bank, 287 F.3d at 288 (citing Orthopedic Bone Screw Prods., 193 F.3d at 795).

Here, Defendants argue that Victoria should be required to pay Defendants' attorneys' fees in this action because Victoria instituted this action in bad faith. As an initial matter, we are not convinced that sanctions are available under § 1927 for the bad faith commencement of an action. This is because the Third Circuit has stated that the statute "explicitly covers only the multiplication of proceedings that prolong the litigation of a case and likely not the initial pleading, as the proceedings in a case cannot be multiplied until there is a case." Schaefer, 542 F.3d at 101; see also LaSalle Nat'l Bank, 287 F.3d at 288 ( "The sanctions are intended to deter an attorney from intentionally and unnecessarily delaying judicial proceedings, and they are limited to the cases that result from such delay.") (second and third emphases added).

Moreover, even assuming for the sake of argument that § 1927 sanctions were available for the bad faith commencement of an action, we find on the record before us that there was no bad faith here. Defendants maintain that Victoria's conduct in initiating the declaratory judgment action was in bad faith because Victoria (1) frivolously asserted that there was no coverage under an exclusion

for injuries to independent contractors, and (2) had not issued a timely reservation of rights letter to Hua Da and, therefore, was precluded from denying coverage (see Defs.' Mem. at 4 (citing, e.g., Beckwith Machinery Co. v. Travelers Indemnity Co., 638 F. Supp. 1179, 1187 (W.D. Pa. 1986)). We explicitly found, however, in a June 9, 2008 Order-Memorandum, that Victoria's reliance on the independent contractor exclusion was reasonable and not in bad faith. Victoria Ins. Co. v. Ren, Civ. A. No. 08-517, 2008 WL 2371850, at *3 (E.D. Pa. June 9, 2008) (stating that there was a "legitimate coverage question" as to the applicability of the independent contractor exclusion, and that Victoria's reliance on that exclusion in the declaratory judgment action was "nothing more than the litigation of [a] legitimate coverage issue[].")

      Furthermore, we do not find bad faith in Victoria's initiation of the declaratory judgment action in spite of Defendants' assertion that it had not issued a timely reservation of rights letter to Hua Da. While Defendants maintain that the record clearly reflects that Victoria did not properly reserve its rights and that Victoria's filing of the declaratory judgment action was therefore in bad faith, we disagree. Victoria attached to the Complaint a December 13, 2006 reservation of rights letter, which was addressed to Hua Da at the address that appeared in the caption of the complaint in the State Court Action, i.e., 48 N. 2A 9th Street in Philadelphia. (See Ex. A to Complaint.) While Defendants assert that Hua Da did not receive a copy of this letter, the only evidence they cite in support of this factual assertion is an affidavit from the Rens, which states that the corporate office for Hua Da was at 929 Arch Street in Philadelphia. (See Ren Aff., attached as Ex. 1 to Defs.' Mem.) This fact alone does not establish that Hua Da did not receive the letter. Moreover, in an April 30, 2008 letter from Defendants' counsel to counsel for Victoria, Defendants' counsel states only that "it appears that Hua Da never actually received the letter allegedly provided to them." (4/30/08 Ltr,

attached as Ex. C to Defs.' Mot. (emphasis added). Under these circumstances, we cannot conclusively determine whether Victoria properly communicated its reservation of rights to Hua Da. Thus, we cannot characterize Victoria's filing of the declaratory judgment action in spite of the imprecise address on the reservation of rights letter as "egregious" conduct that constituted "a serious and studied disregard for the orderly process of justice." LaSalle Nat'l Bank, 287 F.3d at 289 (citations omitted).

Accordingly, we decline to award attorneys' fees to Defendants pursuant to 28 U.S.C. § 1927 and instead grant judgment in Victoria's favor on Defendants' claim for such fees.

BY THE COURT:

_____
John R. Padova, J.

ENTERED

CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

VICTORIA INSURANCE COMPANY : CIVIL ACTION
 :
 v. :
 :
LI HE REN AND MEI QUNG REN d/b/a :
HUA DA REMODELING, INC. and 928 :
RACE STREET DEVELOPMENT, L.P. : NO. 08-517

## ORDER

**AND NOW**, this 10th day of November, 2008, upon consideration of Plaintiff's and Defendants' Cross-Motions for Summary Judgment (Docket Nos. 53 & 55) and our Order-Memorandum entered on this date, **IT IS HEREBY ORDERED** that **JUDGMENT IS ENTERED** in favor of Plaintiff Victoria Insurance Company and against Defendants 928 Race Street Development, L.P. and Li He Ren and Mei Qung Ren d/b/a Hua Da Remodeling, Inc. on Defendants' Counterclaim for Attorneys' Fees.

BY THE COURT:

_____
John R. Padova, J.